IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:23-cv-00449 |
| v. | ) |
| | ) Judge Aleta A. Trauger |
| IPM, LOFTS MURFREESBORO, | ) |
| Successor in Interest to IPM, and | ) |
| JEWELL M. HALE., INC. | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT OF LOFTS MURFREESBORO, SUCCESSOR IN INTEREST TO IPM, AND JEWELL M. HALE, INC.**

Defendants, IPM, Lofts Murfreesboro, Successor in Interest to IPM ("Lofts Murfreesboro"), and Jewell M. Hale, Inc. ("JMH") (collectively, "Defendants"), respectfully submit their Answer to the Complaint filed by Plaintiff, Cynthia George ("Plaintiff").

## I.
## INTRODUCTION

1. Paragraph 1 contains conclusory allegations regarding the nature of this lawsuit to which no response is required. To the extent that a response is deemed to be required, the Defendants deny that the property known as the Lofts at Gateway Commons, located at 2130 Medical Center Parkway, Murfreesboro, Tennessee 37219 ("the Property") is in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments of Act of 1988 ("FHA") with regard to the alleged "lack of accessibility," or otherwise. All other allegations contained in Paragraph 1 are denied.

2. Paragraph 2 contains conclusory allegations regarding the nature of this lawsuit to which no response is required. To the extent that a response is deemed to be required, the

Defendants admit that Plaintiff seeks relief pursuant to the FHA, but deny that Plaintiff is entitled to any such relief. The provisions of the FHA speak for themselves. All other allegations contained in Paragraph 2 are denied.

3. Defendants admit that Plaintiff has brought this action and seeks the declaration described in Paragraph 3, but deny that Plaintiff is entitled to any such relief. Defendants expressly deny that they failed to "design and/or construct apartments with accessible and usable features for people with disabilities as required by the FHA, and deny that there are "numerous barriers to access" at the Property. Defendants admit that a multi-family apartment complex is located at the Property. Defendants are without sufficient information to admit or deny the first sentence of Paragraph 3 and, therefore, deny those allegations. All other allegations contained in Paragraph 3 are denied.

4. Defendants deny the allegations in Paragraph 4.

## II.
## JURISDICTION AND VENUE

5. Defendants do not contest jurisdiction in this matter. All other allegations contained in Paragraph 5 are denied.

6. Defendants do not contest jurisdiction in this matter. All other allegations contained in Paragraph 6 are denied.

7. Defendants do not contest venue in this matter. All other allegations contained in Paragraph 7 are denied.

## III.
## PARTIES

8. Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and, therefore, deny those allegations.

9. Defendants admit that IPM was a general partnership that no longer exists. Defendants admit that Robert L. Kirby and Jewell M. Hale were members of the partnership, and that its principal place of business was 114 S. Court Square, McMinnville, Tennessee 37110, and that its registered agent for service of process was Robert L. Kirby at the same address. Defendants admit that IPM previously owned the Property, and that it participated in the design and construction of the Property. Defendants admit that IPM hired contractors in connection with construction at the Property. All other allegations contained in Paragraph 9 are denied.

10. Defendants admit that Lofts Murfreesboro is the successor in interest to IPM with respect to the Property, and that it is a general partnership under Tennessee law. Defendants admit that the principal office for Lofts Murfreesboro is located at 114 S. Court Square, McMinnville, Tennessee 37110, and that its registered agent for service of process is Robert L. Kirby, who can be served with process at the same address. Defendants admit that Lofts Murfreesboro owns the Property, and that it participated in the design and construction of the Property. Defendants admit that Lofts Murfreesboro hired contractors in connection with construction at the Property. All other allegations contained in Paragraph 10 are denied.

11. Defendants admit that JMH is a Tennessee corporation with a principal place of business at 2546 Sparta Street, McMinnville, Tennessee 37110, and that it may be served with process through its registered agent, Jewell M. Hale, at 139 Dinty Moore Drive, McMinnville, Tennessee 37110. Defendants admit that JMH has served as the contractor at the Property, and that it participated in the design and construction of the Property. Defendants admit that JMH hired contractors in connection with construction at the Property. All other allegations contained in Paragraph 11 are denied.

# IV.
# STATUTORY BACKGROUND

## A. The FHA

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 12 is deemed to be required, the allegations are denied.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 13 is deemed to be required, the allegations are denied.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 14 is deemed to be required, the allegations are denied.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 15 is deemed to be required, the allegations are denied.

16. Defendants deny the allegations in Paragraph 16.

# V.
# FACTUAL BACKGROUND

## A. The "Property"

17. Defendants admit that the Lofts at Gateway Commons is an apartment complex, and that it is located at 2130 Medical Center Parkway, Murfreesboro, Tennessee 37219. Defendants admit that the Property contains approximately 204 units across multiple buildings, and that there are elevators at the complex. All other allegations contained in Paragraph 17 are denied.

18. Defendants admit that the Property was designed and constructed for occupancy after March 13, 1991. All other allegations contained in Paragraph 18 are denied.

19. Paragraph 19 contains a legal conclusion to which no response is required. To the extent that a response to Paragraph 19 is deemed to be required, the allegations are denied.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 20 is deemed to be required, the allegations are denied.

B. **Plaintiff's Visit to the Property**

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants are without sufficient information to admit or deny the first sentence of Paragraph 24 and, therefore, deny those allegations.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

C. **Alleged FHA Violation**

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 27 is deemed to be required, the allegations are denied. Defendants expressly deny that the Property or the facilities located thereon are in violation of the FHA in any respect, and deny that Defendants are liable to Plaintiff under any theory of recovery.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 28 is deemed to be required, the allegations are denied. Defendants expressly deny that the Property or the facilities located thereon are in violation of the FHA in any respect, and deny that Defendants are liable to Plaintiff under any theory of recovery.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 29 is deemed to be required, the allegations are denied. Defendants expressly deny that the Property or the facilities located thereon are in violation of the FHA in any respect, and deny that Defendants are liable to Plaintiff under any theory of recovery.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 30 is deemed to be required, the allegations are denied. Defendants expressly deny that the Property or the facilities located thereon are in violation of the FHA in any respect, and deny that Defendants are liable to Plaintiff under any theory of recovery.

## VI.
## FACTUAL BACKGROUND

### Alleged Violation of the FHA, 42 U.S.C § 3601, et seq.

31. In response to Paragraph 31, Defendants incorporate by reference their responses to Paragraphs 1 through 30, above.

32. Paragraph 32 contains a legal conclusion to which no response is required. To the extent that a response to Paragraph 32 is deemed to be required, the allegations are denied. The allegations of Paragraph 33 contain legal conclusions and require no response.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 33 is deemed to be required, the allegations are denied.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent that a response to Paragraph 34 is deemed to be required, the allegations are denied.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent that a response to the legal conclusions in Paragraph 35 is deemed to be required, the allegations are denied. Defendants deny all other allegations contained in Paragraph 35. Defendants expressly deny that the Property or the facilities located thereon are in violation of the FHA in any respect, and deny that Defendants are liable to Plaintiff under any theory of recovery.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants expressly deny all allegations contained in the Complaint that are not expressly admitted herein.

# VII.
# PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any relief including, but not limited to, the relief sought in Paragraphs a through h under the heading "PRAYER FOR RELIEF" in the Complaint. Defendants expressly deny that Defendants are liable to Plaintiff under any theory of recovery.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### Second Defense

Plaintiff lacks proper standing to bring a claim pursuant to the FHA under the circumstances at issue in this lawsuit, because Plaintiff is a "tester" who did not go to the facilities in question with the actual purpose of leasing or otherwise utilizing the facilities criticized in the Complaint.

### Third Defense

Defendants reserve the right to allege that Plaintiff's claims are barred by the doctrines of estoppel, laches, and/or unclean hands.

### Fourth Defense

Defendants aver that the Property is in compliance with the FHA in all material respects.

### Fifth Defense

Defendants provided adequate access to the Property and the facilities located thereon as required under applicable law.

### Sixth Defense

Plaintiff has not sustained and will not sustain any injury in fact.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By:    */s/ J. Isaac Sanders*
        William T. Ramsey, # 009245
        J. Isaac Sanders, # 029372
1201 Demonbreun Street, Suite 100
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
wtr@nealharwell.com
isanders@nealharwell.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system this the 9th day of October, 2023 on the following:

Eric G. Calhoun
Calhoun & Associates
1595 N Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com

Michelle B. Owens
Agee Owens & Cooper, LLC
2911 Elm Hill Pike
Nashville, TN 37214
mowens.law@gmail.com

                                            */s/ J. Isaac Sanders*
                                            J. Isaac Sanders